THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NATHAN POMERANTZ and Others, Defendants.

Supreme Court, New York County, August 20, 1925.

**Crimes — violation of Penal Law, § 1141 — application granted for reargument of defendants' motion for return of books seized without warrant by police and held by district attorney as evidence — books deemed obscene and indecent within meaning of Penal Law, § 1141, and should not be returned.**

Defendants' application for reargument of their motion for the return of certain books seized without warrant by the police and held by the district attorney as evidence of the alleged obscene matter contained therein in a prosecution for the violation of section 1141 of the Penal Law, should be granted, but the books, unmistakably obscene, lewd and indecent, within the meaning of said section, should not be returned to the publisher where their release would only scatter corruption and perversity before the law could effectively intervene.

APPLICATION for reargument of motion by defendants for return of alleged obscene literature seized by the police and now in the possession of the district attorney.

*Waldman & Lieberman* [*Louis Waldman* of counsel], for the motion.

*Joab H. Banton, District Attorney* [——— *Moore, Deputy Assistant District Attorney*, of counsel], opposed.

LEVY, J.:

The moving parties, defendants in a prosecution for the violation of section 1141 of the Penal Law, seek a reargument of the motion for the return of the alleged obscene literature seized by the police and now in the possession of the district attorney, and for the suppression of the evidence thus obtained as a result of the alleged illegal seizure without a warrant. The motion was denied on the authority of *People* v. *Defore* (213 App. Div. 643). It is now contended that this court in its previous disposition, overlooked the distinguishing element in that case, namely, that the property seized without a warrant was a black-jack which is contraband *per se*. A careful reading of the opinion of Mr. Justice FINCH in the *Defore Case* (*supra*) indicates that although the decisions of the United States Supreme Court in this connection are with the moving parties' contention, nevertheless, as is said by the learned justice, these determinations, " while entitled to the utmost deference because of the high source from which they emanate, nevertheless are not binding upon our courts." Further on he cites the opinion of Judge CARDOZO in *People* v. *Chiagles* (237 N. Y. 193) to the effect that the question in this State is an open one. Notwithstanding

this, Justice FINCH expresses the opinion of the Appellate Division as follows: "We prefer to hold with the rule which denies the suppression of the evidence, since in so holding there is a greater opportunity for exact justice to be meted out in accordance with the particular wrong with which the court is asked to deal. To disregard competent evidence brought to the attention of the court, in a desire to punish the person who has obtained the same illegally and to discourage unlawful search and seizure, would seem to be placing a disproportionate value on the prohibition against unreasonable search and seizure."

It may be that this part of the opinion is mere dictum. But coming from such high authority, I do not feel warranted in disregarding it. Moreover, I am impelled to follow this suggestion, if it be nothing more, on high grounds of public morals. While somewhat beside the issue, as a matter of conscience only, I secured a copy of the confiscated book since the reargument, and found it necessary to read but a few passages to arrive at the inevitable conclusion that it is neither literature nor art. It is not only obviously and unquestionably obscene, lewd, lascivious and indecent, but comes fully within the ban of the two strongest adjectives employed in section 1141 of the Penal Law. It is "filthy," "disgusting" and utterly revolting. I purposely refrain from naming it as I am adverse to enhancing its sale, even if its circulation be accomplished clandestinely.

To return the books, therefore, to the publisher, and to suppress the evidence would be a twofold wrong, not alone in leaving a very grievous criminal offense unredressed, but what is of far greater and vital public importance, in allowing the wrongdoers to dispose of their vile and vicious wares and to scatter corruption and perversity before the law could effectively intervene.

As was also aptly said in the *Defore* case: "It would seem of greater importance to the State and a better example to its citizens that all crime which has been brought to the attention of the authorities should receive the punishment which it deserves, rather than that the court should be compelled indiscriminately to free all criminals who are fortunate enough to have competent evidence, which is necessary to establish their guilt, illegally taken from them, especially when they may obtain exact justice, both criminal and civil, for any wrong done them."

It is not difficult to conceive how much more emphatic would have been the language of that court in a case like the present, where not only the question of sustaining the majesty of the law is involved, but where the court must exercise its higher duty to the public, in depriving the evil perpetrators of their facilities for

**572** SONS OF ITALY, GRAND LODGE, INC., *v.* SUPREME LODGE, INC.

Supreme Court, August, 1925.         ·    [Vol. 125

incalculable injury by perverting the minds of prurient readers to the menacing point of possible degeneracy, from motives of sordid gain.

The police in this instance certainly do not merit the criticism and censure leveled at them. Quite to the contrary, they are to be commended for what this court regards as a wholesome and proper vigilance leading to the detection of these culprits and the suppression of the rot, wickedly and wantonly sought to be disseminated.·

The motion for a reargument will be granted but the original determination will remain unchanged. The stay secured *ex parte* is herewith vacated.                ◦